[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11229
Non-Argument Calendar

_____

D. C. Docket Nos. 06-14325-CV-DLG
03-14010 CR-DLG

ROMAN C. MESINA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 30, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Roman Mesina appeals the district court's denial of his motion, under 28 U.S.C. § 2255, to vacate his conviction for lack of jurisdiction. Pursuant to a plea of guilty, Mesina was convicted for conspiracy to commit money laundering under 18 U.S.C. § 1956. No reversible error has been shown; we affirm.

Mesina challenges his trial court's jurisdiction in three parts: (1) the indictment did not correctly allege financial transaction, (2) the indictment did not allege a proper specified unlawful activity, and (3) the indictment did not allege that the proceeds were from the unlawful activity. The district court ruled that the indictment was proper and that jurisdiction existed.

This court reviews jurisdictional issues de novo. U.S. v. Weiss, 467 F.3d 1300, 1307 (11th Cir. 2006).

In examining an indictment, courts no longer look for formal rigidity. "As a general rule, practical, rather than technical, considerations govern the validity of an indictment." United States v. Seher, 562 F.3d 1344, 1356 (11th Cir. 2009). In addition, when "the defendant challenges the indictment after the government's case has ended, the indictment should be construed in a liberal manner in favor of validity." Id.

The government charged Mesina with laundering money. The indictment

tracks the statutory language of 18 U.S.C. § 1956(a)(3)(B) and (h).[1] This approach

is generally sufficient to grant a court jurisdiction. United States v. Adkinson, 135

F.3d 1363, 1375 n.37 (11th Cir. 1998). Mesina believes that his case is an

exception to this rule. He does not actually claim that an element is missing; he

claims that three elements were stated insufficiently: what financial transaction was

charged, whether the unlawful activity was a specified unlawful activity, and

whether the proceeds were from the alleged unlawful activity.

Mesina claims that the indictment is flawed because it did not specify which

financial transaction violated the law. This assertion is wrong as a matter of law.

Mesina cites, among other cases, United States v. Ballinger, 395 F.3d 1218 (11th

Cir. 2005) (en banc), for the proposition that a "financial transaction" is a

jurisdictional hook that must be pleaded more specifically than the statutory

language. In Ballinger, this court was discussing the constitutionality of the money

laundering statute under the Commerce Clause, and not the sufficiency of an

indictment; so the case does not apply here. Mesina also cites United States v.

---

[1] The sections read this way: (a)(3)(B): "Whoever, with the intent . . . to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity. . . conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be fined under this title or imprisoned for not more than 20 years, or both. For purposes of this paragraph and paragraph (2), the term "represented" means any representation made by a law enforcement officer or by another person at the direction of, or with the approval of, a Federal official authorized to investigate or prosecute violations of this section. "; (h): Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

Goodwin, 141 F.3d 394 (2nd Cir. 1997). In Goodwin, the Second Circuit concluded that laundering the proceeds of a drug transaction–the exact charge in Mesina's case–satisfied the interstate commerce requirement without further specification in the indictment. Id. At 400.

Mesina also alleges that the indictment fails to state a specified unlawful activity. The statute requires that the money laundered be the results of certain unlawful activities. The trial court determined that drug trafficking was the unlawful activity, and that it was an unlawful activity covered by the statute. The statute explicitly lists "the manufacture, importation, sale, or distribution of a controlled substance." 18 U.S.C. § 1956 (c)(7)(A). Mesina claims that what the language of the statute describes and drug trafficking are not the same. But drug trafficking is covered by the explicit words of the statute.

Mesina finally alleges that the indictment fails to charge an offense. Most of this contention is a restatement of his previous two arguments. Mesina waived any argument on the indictment's failure to state the proceeds or property of the specified unlawful activity by failing to raise the issues before the district court. He was fully on notice of what statute he was charged under and what activities fell under that statute. The district court had jurisdiction.

AFFIRMED.